UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIONELL BELLAZAR** | **CIVIL ACTION** |
| **versus** | **NO. 11-2606** |
| **WARDEN ALVIN JONES** | **SECTION: "B" (3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Lionell Bellazar,[1] is a state prisoner incarcerated at the Richland Parish Detention Center, Rayville, Louisiana. On February 1, 2007, he was convicted of simple burglary under Louisiana law.[2] On February 21, 2007, he was sentenced to a term of twelve years

---

[1] The Court notes that, on his federal application and in the record, petitioner's first name appears as both "Lionell" and "Lionel" and his last name appears as both "Bellazar" and "Bellazer." The Court does not know which spellings are correct.

[2] State Rec., Vol. II of III, transcript of February 1, 2007, p. 108; State Rec., Vol. I of III, minute entry dated February 1, 2007.

imprisonment.³ However, on February 13, 2008, he was found to be a second offender,⁴ and, on March 11, 2008, he was resentenced as such to a term of fifteen years imprisonment.⁵ On December 23, 2008, the Louisiana First Circuit Court of Appeal affirmed that conviction, habitual offender adjudication, and sentence.⁶ Petitioner's related writ application was then denied by the Louisiana Supreme Court on December 18, 2009.⁷

On September 27, 2011, petitioner filed an application for post-conviction relief with the state district court.⁸ Although no ruling appears in the state court record supplied to this Court, the state alleges that the application was denied on October 14, 2011.⁹

---

³ State Rec., Vol. II of III, transcript of February 21, 2007, p. 3; State Rec., Vol. I of III, minute entry dated February 21, 2007.

⁴ State Rec., Vol. II of III, transcript of February 13, 2008; State Rec., Vol. II of III, minute entry dated February 13, 2008.

⁵ State Rec., Vol. II of III, transcript of March 11, 2008; State Rec., Vol. II of III, minute entry dated March 11, 2008.

⁶ State v. Bellazer, No. 2007 KA 1612, 2008 WL 5377677 (La. App. 1st Cir. Dec. 23, 2008); Rec. Doc. 1, pp. 17-28.

⁷ State *ex rel.* Bellazar v. State, 23 So.3d 938 (La. 2009) (No. 2009-KH-0541); Rec. Doc. 1, p. 16.

⁸ Rec. Doc. 1, pp. 58-63. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). That date cannot be gleaned from the state court record with respect to this state post-conviction application. However, petitioner alleges that the application was filed on September 27, 2011, see Rec. Doc. 1, p. 3, and the application was in fact notarized on that date, see Rec. Doc. 1, p. 63. For the purposes of this decision, the Court will accept petitioner's allegation as true.

⁹ Rec. Doc. 14-1, p. 2.

In the interim, on October 11, 2011, petitioner filed the instant federal application for *habeas corpus* relief.[10] The state argues that the application is untimely.[11] The state is correct.[12]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[13] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ

---

[10] Rec. Doc. 1.

[11] Rec. Doc. 14.

[12] Because the application is indeed untimely, the Court need not address the state's alternative argument that petitioner has failed to exhaust his state court remedies.
   On a related note, the Court is aware that, in his "Traverse" filed in this proceeding, Rec. Doc. 16, petitioner requests that this matter be stayed while he exhausts his allegedly unexhausted claims in state court. However, a stay is not appropriate where, as here, the underlying federal application is untimely. See, e.g., Fenlon v. Thaler, Civ. Action No. H-11-1385, 2011 WL 6326099, at *13 (S.D. Tex. Dec. 16, 2011); Madden v. Thaler, No. 3:10-CV-1461, 2011 WL 2162910, at *7 (N.D. Tex. May 9, 2011) ("When a petitioner has filed an untimely federal protective petition, a stay is simply not warranted."), adopted, 2011 WL 2164154 (N.D. Tex. June 2, 2011); Beane v. Quarterman, No. 3:09-CV-0940, 2009 WL 2252060, at *3 (N.D. Tex. July 27, 2009) ("A stay is simply not warranted when a petitioner has filed an untimely federal protective writ. A requested stay will not change the timeliness of the filed protective petition.").

[13] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on December 18, 2009. Accordingly, his state criminal judgment became final for the purposes of the AEDPA, and his federal limitations period therefore commenced, on March 18, 2010. The federal limitations period then expired one year later, i.e. on March 18, 2011, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending at any time during the applicable one-year period, and so he clearly is not entitled to statutory tolling.[14]

The United States Supreme Court has held that the AEDPA's statute of limitations is also subject to *equitable* tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights

---

[14] The Court notes that petitioner subsequently filed a state post-conviction application on September 27, 2011. However, because that application was filed *after* the expiration of the federal statute of limitations, it had no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before March 18, 2011, in order to be timely. His federal application was not filed until October 11, 2011,[15] and it is therefore untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Lionell Bellazar be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[15] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner states that he placed his federal application into the prison mailing system on October 11, 2011. See Rec. Doc. 1, p. 15.

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[16]

New Orleans, Louisiana, this twentieth day of March, 2012.

*Daniel E. Knowles, III*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.